

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lourdes S. Cortés Pagán<br><br>Recurrida<br><br>v.<br><br>José G. González Colón<br><br>Peticionario | Certiorari<br><br>2012 TSPR 44<br><br>184 DPR ____ |

Número del Caso: CC-2009-1119

Fecha: 13 de marzo de 2012

Tribunal de Apelaciones:

      Región Judicial de San Juan

Abogada de la Parte Peticionaria:

      Lcda. Ana M. Torres de Soto

Abogada de la Parte Recurrida:

      Lcda. Sylvia Vilanova Hernández

Materia: Procedimientos Apelativos Revisión de la determinaciones sobre pensiones alimentarias de ex cónyuges.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lourdes S. Cortés Pagán

    Recurrida

      v.                            CC-2009-1119   Certiorari

José G. González Colón

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 13 de marzo de 2012.

Nos corresponde resolver si la norma de Figueroa v. Del Rosario, 147 D.P.R. 121 (1998), la cual establece que las determinaciones sobre modificaciones de alimentos y custodia de menores constituyen sentencias sujetas a apelación, se extiende a las determinaciones sobre pensiones alimentarias de excónyuges.

I

El 12 de mayo de 2003 el Sr. José González Colón y la Sra. Lourdes Socorro Cortés Pagán se divorciaron mediante una sentencia emitida por el Tribunal de Primera Instancia. En dicha sentencia se incluyeron las estipulaciones acordadas por las partes. Como parte de éstas el señor González

Colón pagaría a la señora Cortés Pagán $3,500 mensuales por concepto de pensión alimentaria de excónyuge. También pagaría un plan médico para la señora Cortés Pagán. En caso de que algún tratamiento no fuera cubierto por el plan médico, el señor González Colón lo costearía. Todo menos cirugías estéticas.

Luego de varios años, el 6 de abril de 2009 el señor González Colón solicitó al Tribunal de Primera Instancia que lo relevara de pagar la pensión alimentaria de excónyuge. Adujo que al momento de establecerse tal pensión la señora Cortés Pagán no trabajaba y ostentaba la custodia de los hijos menores de edad de ambos, por lo que en aquel entonces entendió que debía aportar al núcleo familiar para que los menores no se vieran más afectados por el divorcio. Sostuvo que tales circunstancias cambiaron, pues al día de hoy sus hijos son mayores de edad y la señora Cortés Pagán labora como maestra.

En respuesta, la señora Cortés Pagán presentó una moción en la que sostuvo que la pensión alimentaria de excónyuge forma parte de un contrato de transacción entre las partes, el cual fue incorporado a una sentencia que advino final, firme e inapelable, por lo que constituye cosa juzgada. Asimismo, coligió que tal pensión no debía alterarse porque no existía un cambio sustancial en las circunstancias que originaron la pensión alimentaria de excónyuge.

Luego de varios trámites procesales, los cuales incluyeron una audiencia, el Tribunal de Primera Instancia declaró "no ha lugar" la solicitud de relevo de pensión

alimentaria de excónyuge y ordenó el pago de ciertos tratamientos médicos a favor de la señora Cortés Pagán. El foro primario concluyó que el señor González Colón no logró establecer que había ocurrido un cambio sustancial en las circunstancias que originaron la estipulación sobre pensión alimentaria de excónyuge. Este dictamen, titulado como resolución, se notificó el 11 de agosto de 2009.

El 18 de agosto de 2009 el señor González Colón presentó una solicitud de determinaciones adicionales de hechos y conclusiones de derecho. Más adelante interpuso una moción de reconsideración. La señora Cortés Pagán presentó su oposición. El 24 de septiembre de 2009 el Tribunal de Primera Instancia emitió una resolución en la que declaró "no ha lugar" la moción de reconsideración. También notificó una orden en la cual declaró "no ha lugar" la moción de determinaciones adicionales de hechos y conclusiones de derecho presentada por el señor González Colón.

Inconforme, el 22 de octubre de 2009 el señor González Colón presentó un recurso de apelación ante el Tribunal de Apelaciones. Intentó cuestionar la determinación del foro primario respecto a la solicitud de determinaciones adicionales de hechos y conclusiones de derecho, y sobre el relevo del pago de la pensión alimentaria de excónyuge. Sin embargo, el foro apelativo intermedio desestimó el recurso presentado por el señor González Colón. Razonó que carecía de jurisdicción porque el dictamen que se pretendía revisar era una resolución y no una sentencia. Igualmente, concluyó que la norma jurisprudencial que establece que las

determinaciones sobre modificaciones de alimentos y custodia de menores constituyen sentencias sujetas a apelación, no se extiende a determinaciones sobre pensiones alimentarias de excónyuges.

Luego de varios trámites procesales, el señor González Colón presentó un recurso de *certiorari* ante nos. Adujo que el Tribunal de Apelaciones incidió al desestimar el recurso de apelación y al concluir que la norma de Figueroa v. Del Rosario, 147 D.P.R. 121 (1998), no se extiende a determinaciones sobre otras pensiones alimentarias como la de excónyuges. De igual forma, alegó que el foro apelativo intermedio erró al concluir que la resolución emitida por el foro primario no fue interrumpida por la moción de determinaciones adicionales de hechos y conclusiones de derecho, y al no considerar que dicha resolución resolvía en forma final todas las controversias planteadas en el caso, por lo que debía considerarse una sentencia final sobre la cual podía interponerse un recurso de apelación.

II

Para la apropiada disposición de la presente causa conviene recordar que la regla 43.3 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, aplicable al caso de marras, permite que una parte presente dentro de los diez (10) días siguientes al archivo en autos de una copia de la notificación de la sentencia, una solicitud de determinaciones adicionales de hechos y conclusiones de

derecho.[1] La presentación oportuna y correcta de esta solicitud tiene el efecto de interrumpir los términos dispuestos por ley para solicitar reconsideración, nuevo juicio y para interponer un recurso de apelación. Figueroa v. Del Rosario, *supra*, págs. 125-126; Andino v. Topeka, Inc., 142 D.P.R. 933 (1997). El plazo comenzará a transcurrir nuevamente en cuanto "se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas". Regla 43.4 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III. Para que una moción de determinaciones de hechos y conclusiones de derecho interrumpa los aludidos plazos se requiere la existencia de una sentencia que pueda ser objeto de un recurso de apelación.

El término sentencia se define como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa. Regla 43.1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III; Abrams Rivera v. E.L.A., 178 D.P.R. 914, 926 (2010); Torres Martínez v. Torres Ghigliotty, 175 D.P.R. 83, 94 (2008); U.S. Fire Ins. v. A.E.E., 151 D.P.R. 962, 967 (2000).[2] Esto es, que adjudique una reclamación entre las partes de la cual pueda apelarse. Íd.

Una resolución, en cambio, no adjudica definitivamente la totalidad de una reclamación, sino que resuelve algún

---

[1]Las Reglas de Procedimiento Civil de 2009 también permiten que una parte presente una solicitud de determinaciones adicionales de hechos y conclusiones de derecho. Véanse: Reglas 43.1 y 43.2, 32 L.P.R.A. Ap. V.

[2]La Regla 42.1 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, define el término sentencia de manera similar.

incidente o controversia de ésta. Torres Martínez v. Torres Ghigliotty, *supra*, págs. 95-96; García v. Padró, 165 D.P.R. 324, 332 (2005). Claro está, como el nombre no hace la cosa, cuando el tribunal emite una resolución que tiene el efecto de poner fin a una reclamación entre las partes, no nos encontramos ante una verdadera resolución, sino ante una sentencia de la cual puede interponerse un recurso de apelación. García v. Padró, *supra*, pág. 333; U.S. Fire Ins. v. A.E.E., *supra*, pág. 967.

En estrecha sintonía con lo anterior, cabe preguntarse: ¿qué ocurre con la revisión de las determinaciones sobre alimentos que emite el foro primario? En Figueroa v. Del Rosario, *supra*, contestamos esta interrogante en el contexto de una reclamación de custodia. Desde aquel entonces resolvimos que debido a la naturaleza *sui generis* de los pleitos de familia, los dictámenes que emita el Tribunal de Primera Instancia sobre alimentos y custodia, que modifican o intentan modificar alguna determinación final previa al respecto, por haber ocurrido un cambio en las circunstancias, constituyen propiamente sentencias de las cuales puede apelarse. Ello, debido a que tales determinaciones no son resoluciones en sí, pues adjudican y resuelven una reclamación entre las partes según los hechos y circunstancias existentes en el momento en que ésta se resuelve.[3] Como tales determinaciones constituyen una

---

[3] Adviértase que los dictámenes sobre alimentos y custodia "no constituyen cosa juzgada ya que pueden ser modificados de ocurrir un cambio en los hechos y

sentencia, una moción de determinaciones adicionales de hechos y conclusiones de derecho, oportuna y correctamente presentada interrumpe el término de treinta (30) días para apelar al Tribunal de Apelaciones.[4] Íd.

### III

El Tribunal de Apelaciones interpretó que nuestra Opinión de Figueroa v. Del Rosario, *supra*, en la cual se estableció que las determinaciones sobre modificaciones de alimentos y custodia de menores constituyen sentencias sujetas a apelación, no se extiende a otro tipo de pensiones porque sólo los alimentos de menores están revestidos del más alto interés público. Erró.

Las pensiones alimentarias de excónyuges también están investidas del mayor interés público.[5] Morales v. Jaime, 166 D.P.R. 282, 291 (2005); González v. Suárez Milán, 131 D.P.R. 296, 301 (1992). Nuestros pronunciamientos han sido claros y consistentes. Es la institución de alimentos en sí misma la que motiva tan alto interés, pues ésta "surge del derecho fundamental de todo ser humano a existir y desarrollar plenamente su personalidad". González v. Suárez Milan, *supra*, pág. 301. El carácter dinámico de la institución de alimentos

_____

circunstancias que así lo justifique". Figueroa v. Del Rosario, 147 D.P.R. 121, 129 (1998).

[4]Véase, Regla 53.1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III. Las Reglas de Procedimiento Civil de 2009 disponen un plazo similar para presentar un recurso de apelación. Regla 52.2 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V.

[5]Los alimentos entre excónyuges están regulados por el Art. 109 del Código Civil, 31 L.P.R.A. sec. 385.

y los propósitos importantes que persigue de manera alguna quedan minados por la circunstancia de ser excónyuge.

En atención a ello, los dictámenes sobre pensiones alimentarias de excónyuges siempre están sujetos a modificación, según cambie sustancialmente la capacidad del alimentante para proveer alimentos o la necesidad del alimentista. Cantellops v. Cautiño, 146 D.P.R. 791, 806 (1998); González v. Suárez Milán, *supra*, pág. 300. La protección a la institución de alimentos en el contexto de excónyuges nos ha llevado a reconocer que aunque las estipulaciones en los casos de divorcio por consentimiento mutuo constituyen un contrato de transacción judicial y, por consiguiente, son cosa juzgada entre las partes, las estipulaciones sobre pensiones alimentarias de excónyuges no tienen carácter de cosa juzgada. Cantellops v. Cautiño, *supra*, pág. 806. Véase, además, Igaravidez v. Ricci, 147 D.P.R. 1, 5 y 7 (1998). Claro está, las determinaciones sobre pensiones alimentarias de excónyuges realizadas por el Tribunal de Primera Instancia, que modifican o intentan modificar los dictámenes finales previos, debido a cambios sustanciales en las circunstancias, adjudican y resuelven una reclamación entre las partes.

De conformidad con lo anterior, concluimos que las determinaciones sobre pensiones alimentarias de excónyuges constituyen propiamente sentencias de las cuales puede interponerse un recurso de apelación. En consecuencia, una moción de determinaciones adicionales de hechos y conclusiones de derecho, oportunamente presentada y

fundamentada, interrumpe el término jurisdiccional de treinta (30) días para apelar ante el Tribunal de Apelaciones.

En el caso de autos, el Tribunal de Primera Instancia evaluó la sentencia de divorcio emitida en el 2003 y las estipulaciones allí contenidas. El 22 de enero de 2009 celebró una audiencia para discutir las controversias surgidas a raíz de tales estipulaciones. Ambas partes comparecieron con sus respectivas representaciones legales. El asunto quedó delimitado a la discusión de la pensión alimentaria excónyuge de $3,500 mensuales y del plan médico a favor de la señora Cortés Pagán. Posteriormente, ambas partes presentaron sendos memorandos de derecho para apoyar sus respectivas posturas. Con el beneficio de lo anterior, el foro primario determinó que el señor González Colón no probó que hubiera algún cambio sustancial en las circunstancias que originaron la estipulación sobre pensión alimentaria de excónyuge.

El foro primario adjudicó las únicas reclamaciones existentes entre las partes, a saber: la solicitud de relevo de pensión alimentaria de excónyuge y ciertos gastos sobre tratamientos médicos. No quedó otro asunto pendiente. Por lo tanto, concluimos que el dictamen emitido por el foro primario a tales efectos, aunque titulado resolución, constituyó una sentencia. Este dictamen fue notificado el 11 de agosto de 2009 y contiene determinaciones de hechos y conclusiones de derecho que disponen finalmente de todas las controversias planteadas. Con relación a esta sentencia, el señor González Colón podía presentar, como en efecto lo hizo

el 18 de agosto de 2009, una fundamentada moción de determinaciones adicionales de hechos y conclusiones de derecho, según la regla 43.3 de Procedimiento Civil de 1979, *supra*.

La presentación de la aludida moción interrumpió el término jurisdiccional de treinta (30) días para apelar al Tribunal de Apelaciones. Como las determinaciones del Tribunal de Primera Instancia en las cuales se declaró "no ha lugar" esta moción y la de reconsideración se notificaron el 24 de septiembre de 2009, el recurso de apelación presentado por el señor González Colón el 22 de octubre de 2009 fue oportuno. En consecuencia, el foro apelativo intermedio incidió al concluir que carecía de jurisdicción para atender el recurso interpuesto por el señor González Colón.

IV

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* de epígrafe, revocamos el dictamen del Tribunal de Apelaciones y devolvemos el caso a dicho foro para que continúe los procedimientos.

Se dictará sentencia de conformidad.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lourdes S. Cortés Pagán

    Recurrida

       v.                        CC-2009-1119     Certiorari

José G. González Colón

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 13 de marzo de 2012.

       Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el recurso de *certiorari* de epígrafe, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso a dicho foro para que continúe los procedimientos.

       Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco disiente con opinión escrita a la cual se unen el Juez Presidente señor Hernández Denton y los Jueces Asociados señores Martínez Torres y Rivera García.

                        Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lourdes Socorro Cortés

    Recurrida

                                          *Certiorari*

         v.                             CC-2009-1119

José Guillermo González Colón

    Recurrido

Opinión disidente emitida por la Jueza Asociada señora Pabón Charneco a la que se unen el Juez Presidente señor Hernández Denton, el Juez Asociado señor Martínez Torres y el Juez Asociado señor Rivera García

En San Juan, Puerto Rico, a 13 de marzo de 2012.

No podemos suscribir la Opinión que emite este Tribunal, pues extiende la norma establecida en *Figueroa v. Del Rosario*, 147 D.P.R. 121 (1998), a las determinaciones sobre pensiones alimentarias de excónyuges. Es decir, concluye que las determinaciones sobre este tipo de pensiones constituyen Sentencias de las cuales puede interponerse el recurso de apelación.

Las determinaciones sobre pensiones alimentarias de excónyuges son incidentes procesales revisables mediante el recurso de *certiorari*. Esta interpretación es cónsona con que el derecho a alimentos está revestido del mayor

interés público, y a su vez, mantiene la armonía de nuestro ordenamiento jurídico procesal.

I

La Regla 43.1 de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, R. 43.1 (2001), dispone que "el término 'sentencia' incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse".[6] Esto es así cuando se resuelve el caso en sus méritos y se termina el litigio entre las partes quedando solamente pendiente la ejecución de la sentencia, inclusive cuando la determinación haya sido erróneamente titulada "resolución".[7] Véase además, *Abrams Rivera v. E.L.A.*, 178 D.P.R. 914 (2010); *García v. Padró*, 165 D.P.R. 324, 332-333 (2005); *De Jesús v. Corp. Azucarera de P.R.*, 145 D.P.R. 899 (1998).

A diferencia de las sentencias, las resoluciones ponen fin a un incidente dentro del proceso judicial, ya sea antes o después de dictarse la sentencia. *García v. Padró*, supra, pág. 332; *De Jesús v. Corp. Azucarera de P.R.*, supra; *Rodríguez v. Tribl. Mpal. y Ramos*, 74 D.P.R. 656, 664 (1953). Estas se revisan mediante el recurso de

---

[6] Similar disposición provee la Regla 42.1 de las Reglas de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V. No obstante, esta define el término "resolución" como cualquier dictamen que pone fin a un incidente dentro del proceso judicial.

[7] No obstante, la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III (2001), autoriza a los tribunales a dictar sentencia final en cuanto a una o más reclamaciones o partes sin disponer de la totalidad del pleito. Véase además, *Abrams Rivera v. E.L.A.*, 178 D.P.R. 914 (2010).

*certiorari* y son notificadas de forma más informal en comparación a las sentencias.[8] *Abrams Rivera v. E.L.A.*, supra, pág. 929. Esto, pues las sentencias requieren que el secretario notifique la adjudicación final, su derecho a apelar y la fecha del archivo en autos de la notificación para hacer efectiva la jurisdicción apelativa. *De Jesús v. Corp. Azucarera de P.R.*, supra, pág. 904.

Ya emitida una sentencia, la Regla 43.3 de Procedimiento Civil de 1979, *supra*, dispone para la solicitud de determinaciones de hecho y conclusiones de derecho iniciales o adicionales sobre esta. Reiteradamente hemos expresado que la presentación oportuna y correcta de una moción al amparo de esta regla interrumpe los términos para apelar. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 D.P.R. 345, 357 (2003). Sin embargo, esta regla aplica solamente a las sentencias por lo que no se interrumpe el término en cuanto a las resoluciones interlocutorias.

A tenor con lo expresado, las modificaciones de las determinaciones sobre pensiones alimentarias se consideraban resoluciones sujetas a examen mediante recurso de *certiorari*. No obstante, en *Figueroa v. Del*

---

[8] Claro está, existen ciertas resoluciones que se dictan en incidentes posteriores a una sentencia final y que a pesar de no ser sentencias, gozan de un trámite más formal. Es decir, requieren el archivo en autos de la copia de su notificación. Esto pues, interrumpen y reinician los términos jurisdiccionales para apelar o revisar. Véanse, Reglas 43.4 y 47 de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III (2001).

*Rosario*, supra, pág. 129, modificamos las Reglas de Procedimiento Civil y concluimos que las determinaciones de custodia y pensiones alimentarias de menores "constituye[n] una nueva sentencia de la cual puede apelarse".

En dicho caso, el tribunal había adjudicado previamente la custodia de un menor a su madre. Posteriormente, el padre solicitó la custodia, pero esta le fue denegada mediante resolución. Inconforme, el padre solicitó determinaciones de hechos y conclusiones de derecho adicionales. Esta solicitud también le fue denegada. Por consiguiente, el padre recurrió ante el Tribunal de Apelaciones. No obstante, transcurrieron más de treinta (30) días desde la notificación de la Resolución denegando la custodia y la fecha en que se presentó el recurso ante el Tribunal de Apelaciones, mas no desde que fue archivada en autos la Resolución que denegó la solicitud de determinaciones de hechos y conclusiones de derecho adicionales.

Así las cosas, la madre solicitó ante el Tribunal de Apelaciones la desestimación por falta de jurisdicción. Arguyó que el recurso fue presentado fuera del término provisto en ley para la revisión de resoluciones mediante *certiorari*. Sin embargo, el foro apelativo intermedio denegó la solicitud. Traída entonces la controversia ante nuestra consideración, resolvimos que:

los dictámenes de alimentos y de custodias que modifican o intentan modificar los dictámenes finales previos, por haber ocurrido un cambio en las circunstancias, constituyen *sentencias*. En consecuencia, una moción de determinaciones de hechos y conclusiones de derecho adicionales oportunamente presentada al amparo de la Regla 43.1 de Procedimiento Civil, *supra*, interrumpe el término jurisdiccional de 30 días para recurrir en alzada al Tribunal. (Énfasis en original) Íd. pág. 129.

Esta determinación se sostuvo en el alto interés público y el carácter *sui géneris* de los casos de familia, así como en la conclusión de que los dictámenes de alimentos y de custodias adjudican y resuelven una reclamación entre las partes.

Sobre el particular, el entonces Juez Asociado señor Negrón García -al que se unió el entonces Juez Asociado señor Hernández Denton- expuso unas razones de gran peso mediante una Opinión Disidente al caso *Figueroa v. Del Rosario*, *supra*. Hoy nos hacemos eco de ellas. Particularmente, la Opinión Disidente indica que el derecho de apelación es de origen estatutario y que el ordenamiento jurídico procesal solo reconoce ese derecho contra sentencias finales, no así para revisar incidentes postsentencia.[9] Por lo tanto, concluye que "*[e]ste Tribunal carece de facultad constitucional para, por fíat judicial, abrogarse y usurpar una prerrogativa fundamental que pertenece a la Asamblea Legislativa*".

---

[9] Véase, 4 L.P.R.A. sec. 24y(a).

(Énfasis en original). Íd. pág. 132. De igual forma, indica que "[n]o importa lo compleja que sea una controversia *postsentencia* sobre custodia (o alimentos), e independientemente de que esté revestida de interés público y no constituya cosa juzgada… ello no es suficiente para *ultra vires* convertir su *resolución* en *sentencia* y, por ende, imponer *apelaciones obligatorias*". (Énfasis en original). Íd.

A estas razones se le añade la carga que conlleva para los Tribunales de Primera Instancia y el encarecimiento de los costos para litigantes y abogados.

Ciertamente el derecho de alimentos está revestido del más alto interés público. *Morales v. Jaime*, 166 D.P.R. 282 (2008); *Ríos v. Narváez*, 163 D.P.R. 611 (2004); *González v. Suárez Milán*, 131 D.P.R. 296, 301 (1992). Sin embargo, las determinaciones de alimentos no constituyen cosa juzgada. *A contrario sensu*, tienen un carácter dinámico y siempre están sujetas a revisión cuando haya cambios sustanciales en las necesidades del alimentista y los recursos económicos del alimentante. *Cantellops v. Cautiño Bird*, 146 D.P.R. 791, 801 (1998); *González v. Suárez Milán*, supra, pág. 301; *Piñero Crespo v. Gordillo Gil*, 122 D.P.R. 246, 258 (1988). Esto inclusive ante estipulaciones o acuerdos aceptados por el tribunal en casos de divorcios por consentimiento mutuo. *Cantellops v. Cautiño Bird*, supra, págs. 805-806; *Magee v. Alberro*, 126 D.P.R. 228, 233 (1990). Esto, pues en la

vida del alimentista y el alimentante se prevén muchos incidentes que requieren determinaciones por parte de los tribunales con posterioridad ha haber dictado una sentencia. Ello explica por qué la Asamblea Legislativa dispuso que:

> Fijada la pensión alimenticia, el juez podrá modificarla por alteraciones sustanciales en la situación, los ingresos y la fortuna de uno u otro cónyuge. **La pensión será revocada mediante resolución judicial** si llegase a hacerse innecesaria, o por contraer el cónyuge divorciado acreedor a la pensión nuevo matrimonio o viviese en público concubinato. (Énfasis suplido). Art. 109 del Código Civil, 31 L.P.R.A. sec. 385.

Extender la norma de *Figueroa v. Del Rosario*, supra, a las pensiones alimentarias excónyuges conlleva auto adjudicarnos una función que no nos compete y que a su vez afecta la armonía que las Reglas de Procedimiento Civil proveen en nuestro ordenamiento jurídico al convertir cuantiosas resoluciones en sentencias e imponer apelaciones que sobrecargan innecesariamente a los tribunales y conlleva un proceso más largo y costoso para las partes.

II

En el caso de autos, el señor González Colón solicitó un relevo de pensión que fue denegado por el tribunal de instancia mediante Resolución notificada el 11 de agosto de 2009. Así las cosas, el peticionario

solicitó determinaciones de hechos y conclusiones de derecho adicionales el 18 de agosto del mismo año. Esta fue denegada el 24 de septiembre de 2009. Es entonces cuando el señor González Colón presentó un recurso titulado "Apelación" el 22 de octubre de 2009.

Como podemos observar, el señor González Colón tardó más de dos (2) meses desde notificada la determinación en cuanto a la solicitud de relevo de pensión para solicitar su revisión. Por tratarse de una Resolución del tribunal, la solicitud de determinaciones de hechos y conclusiones de derecho adicionales, no interrumpió los términos. A todas luces, el recurso presentado ante el Tribunal de Apelaciones debe ser examinado como un *certiorari*, y por consiguiente, es uno tardío. El Tribunal de Apelaciones no erró al desestimar por falta de jurisdicción.

Por los argumentos antes expresados, disiento respetuosamente de la Opinión emitida por el Tribunal.


                        Mildred G. Pabón Charneco
                        Jueza Asociada