EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Yarilyn Ríos Figueroa<br><br>Peticionaria<br><br>v.<br><br>Irma López Maisonet<br><br>Recurrida | Certiorari<br><br>2025 TSPR 86<br><br>216 DPR ___ |

Número del Caso: AC-2024-0008

Fecha: 25 de agosto de 2025

Tribunal de Apelaciones:

    Panel X

Represente legal de la parte peticionaria:

    Lcda. Norma I. Concepción Peña

Represente legal de la parte recurrida:

    Lcda. Malú Muñiz Nieves

Materia: Derecho de Familia – La extinción de la obligación de alimentar por causa de la muerte de un alimentante activa el derecho del alimentista de recibir alimentos subsidiariamente por parte de los abuelos.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Yarilyn Ríos Figueroa

    Peticionaria

        v.               AC-2024-0008

Irma López Maisonet

    Recurrida

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 25 de agosto de 2025.

En este caso debemos responder si ante la necesidad por la falta de recursos económicos suficientes para proveer alimentos a su hijo, una madre puede solicitar una pensión alimentaria a la abuela paterna del menor, tras el fallecimiento de su hijo, el padre del menor. Contestamos en la afirmativa, por lo que revocamos la determinación del foro apelativo intermedio.

**I**

La Sra. Yarilyn Ríos Figueroa (madre o peticionaria) y el Sr. Jerry John Vázquez López (padre) procrearon un hijo (JJVR) nacido el 25 de noviembre de 2009 en Puerto Rico. Las partes nunca estuvieron casadas y posteriormente, el 9 de abril de 2010, el

padre del menor falleció.[1]

El 7 de diciembre de 2022, la peticionaria presentó, por derecho propio, una *Petición* de alimentos entre parientes en el Tribunal de Primera Instancia a favor de su hijo (JJVR) y en contra de la Sra. Irma López Maisonet (abuela paterna o recurrida).[2] Sostuvo que la señora López Maisonet es la abuela paterna de su hijo. Señaló que el menor tiene una necesidad económica, la abuela posee capacidad económica y no existe una pensión alimentaria fijada en la actualidad.[3]

Así las cosas, tras varios trámites procesales, la recurrida presentó una *Contestación a demanda* en la que reconoció que es la abuela paterna del menor e indicó que no lo ha visto desde que éste tenía 3 meses. Arguyó que carecía de capacidad económica para proveer una pensión, por generar menos ingresos que la peticionaria y mencionó que padecía de varias condiciones de salud que le ocupaban parte de su salario.[4]

La recurrida presentó una *Moción sobre estipulaciones* y el foro primario se dio por enterado. Allí, en lo pertinente, los siguientes hechos quedaron establecidos:

**1. El joven Jerry John Vázquez López es el padre biológico del menor (JJVR).**
**2. La demandante procreó el menor JJVR sin haber estado casados.**
**3. El menor nació el 25 de noviembre de 2009.**

---

[1] *Certificado de defunción*, Apéndice, pág. 100.

[2] *Petición*, Apéndice, pág. 1.

[3] Íd., Apéndice, págs. 2-3.

[4] Asimismo, la recurrida levantó varias defensas que entendió que procedían, entre las que se encontraba que la demanda no expone la concesión de un remedio en derecho. *Contestación a demanda*, Apéndice, págs. 19-20.

**4. El padre Jerry J. Vázquez López (finado) falleció el 9 de abril de 2010.**
**5. La Sra. Ríos Figueroa y el finado nunca se casaron.**
**6. El finado es hijo de la señora López Maisonet (demandada).**
**7. La Sra. Irma López Maisonet nació el 23 de septiembre de 1961.**
8. El Sr. Orlando Ríos Cintrón es el padre de la demandante que falleció el 29 de septiembre de 2021.
9. La madre de la demandante se llama Norma Figueroa Colón.
.   .   .   .   .   .   .   .   .[5]

Posteriormente, la recurrida presentó una *Moción de desestimación por no existir derecho a la concesión de remedio*, en la que solicitó la desestimación de la petición de alimentos al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, por dejar de exponer una reclamación que justifique la concesión de un remedio.[6] En particular, afirmó que la obligación de los abuelos sobre alimentar a sus nietos menores es de naturaleza subsidiaria, por lo que surge cuando los progenitores no pudiesen suplir las necesidades alimentarias en su totalidad o cuando sólo pueden cubrirlas parcialmente. **Además, sostuvo que, ante el hecho estipulado sobre la muerte del padre del menor cuando tenía 3 meses de nacido, la obligación principal de proveer alimentos se extinguió conforme al Art. 679 del Código Civil de Puerto Rico, 31 LPRA sec. 7581 y ello, impide que subsista la obligación supletoria entre parientes.** Así, solicitó la

---

[5] (Negrilla suplida). Según surge de las entradas número 64 y 67 del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial, el Tribunal de Primera Instancia admitió el contenido de las estipulaciones, ya que la peticionaria no presentó objeción a las mismas.

[6] *Moción de desestimación por no existir derecho a la concesión de remedio*, Apéndice, pág. 21.

desestimación de la petición de alimentos, pues la peticionaria no tenía derecho a lo que reclamaba.

Por su parte, la peticionaria presentó una *Réplica a moción de desestimación* en la que, en síntesis, arguyó que ante la ausencia del padre fallecido y que no contaba con los recursos suficientes para cubrir todas las necesidades del menor,[7] debía activarse la obligación subsidiaria e imponer una pensión alimentaria a la abuela paterna, a saber, la recurrida. Además, planteó que, aunque la responsabilidad de los abuelos de suplir pensión alimentaria a sus nietos es de carácter subsidiario y se activa únicamente cuando ambos progenitores no pueden suplir la necesidad de estos, esta procede si los abuelos cuentan con la capacidad económica.[8]

Tras evaluar las mociones presentadas, el foro primario declaró "no ha lugar" la moción de desestimación presentada por la recurrida.

En desacuerdo, la recurrida presentó un recurso de *certiorari* ante el Tribunal de Apelaciones en el que señaló que:

> Erró el TPI al no desestimar bajo la Regla 10.2 la demanda de epígrafe por no haber razón que justifique la concesión de un derecho.

> Erró el TPI al no declarar que habiéndose extinguido por fallecimiento la obligación principal del padre de alimentar no corresponde imponer alimentos entre parientes a una abuela.

---

[7] La peticionaria aseveró que el menor posee gastos extraordinarios como resultado de necesidades y condiciones especiales que no puede cubrir sin ayuda económica. *Réplica a moción de desestimación*, págs. 29-30.

[8] *Réplica a moción de desestimación*, Apéndice, págs. 28-30.

En síntesis, alegó que la obligación de brindar alimentos del padre se extinguió con su muerte conforme al Art. 679 del Código Civil, *supra*. Por ello, planteó que no podía subsistir la obligación supletoria, porque la petición de alimentos no corresponde en derecho. Así, peticionó la desestimación de la causa de acción.

Por su parte, la peticionaria compareció mediante una *Oposición al recurso de apelación* y arguyó que la muerte del padre de la menor extinguió la obligación de éste, pero "no releva ni descarta que se le solicite al [tribunal] que imponga una pensión alimentaria a la abuela de contar con ingresos suficientes para el pago de pensión alimentaria a su nieto al ser empleada actual del Gobierno de Puerto Rico.[9] Conforme a ello, fundamentó que la obligación de alimentos ante el fallecimiento de alguno de los progenitores se subsidia por los abuelos, ya que los llamados de manera preferente a cumplir no pueden hacerlo.[10]

Después de considerar los planteamientos de las partes, el Tribunal de Apelaciones notificó una *Sentencia* mediante la cual expidió el auto de *certiorari* para revocar la determinación del Tribunal de Primera Instancia y ordenó la desestimación de la demanda.[11] Concluyó que la obligación

---

[9] Cabe resaltar que la peticionaria explicó que solamente se trajo a la abuela paterna puesto que el padre, el abuelo paterno y el abuelo materno fallecieron mientras que la abuela materna se encuentra totalmente incapacitada -no vidente-. Apéndice, pág. 64.

[10] Apéndice, pág. 64.

[11] La Jueza Barresi Ramos disintió mediante una opinión escrita. En síntesis, **sostuvo que no procedía la desestimación de la petición de alimentos ante la**

subsidiaria de la abuela paterna es complementaria a la obligación del padre y se extinguió al momento en que falleció el papá del menor, por lo que no procedía la imposición de alimentos a la recurrida. Específicamente, razonó lo siguiente:

> […] Ahora bien, **la obligación de los abuelos es de naturaleza subsidiaria, es decir, complementaria. De modo que, para que se pueda implementar la obligación legal de los abuelos, debe existir la obligación del padre o la madre del menor.**
>
> En adición a lo anterior, expusimos también que, la obligación del alimentante deja de existir por, entre otras razones, la muerte del mismo. **Así pues, en instancias en las que la madre o el padre del menor haya fallecido, la obligación de dicho progenitor queda extinta, y no procede la obligación supletoria de los abuelos.**
>
> En el presente caso, quedó estipulado que, el padre del menor JJVR, el señor Jerry John Vázquez López (en adelante, señor Vázquez López), falleció el 9 de abril de 2010. **Tras su muerte, su obligación alimentaria para con el menor JJVR dejó de existir. Como consecuencia de ello, y toda vez que, insistimos, la obligación de dar alimentos de los abuelos es complementaria, no procede la imposición de tal obligación a la abuela del menor JJVR, a saber, la señora López Maisonet.**[12]

---

**existencia de un derecho a alimentos por parte del menor** y en lo pertinente, fundamentó que:

"[L]a responsabilidad de un progenitor se extingue con su muerte, mas no el derecho de su hijo menor a recibir alimentos hasta advenir la mayoría de edad. **Nuestro ordenamiento jurídico dispone que existe una obligación subsidiaria para garantizar el interés óptimo de los menores. Cuando el progenitor del menor alimentista no cuenta con los medios para suministrarle alimentos o cuando no esté capacitado física o mentalmente para proporcionárselos, es necesario acreditar que los llamados preferentemente a esa prestación carecen de medios para sufragarlos.** Después de todo, lo que se persigue es garantizar el mejor interés óptimo de los menores. Por ende, **ante el fallecimiento del señor Jerry John Vázquez López, este queda relevado (extinción) de cualquier obligación de alimentos más procede el reclamo de la obligación subsidiaria.**" (Negrilla suplida). Apéndice, pág. 84.

[12] (Negrilla suplida). *Sentencia* del Tribunal de Apelaciones, Apéndice, págs. 80-81.

En desacuerdo, la peticionaria presentó un recurso de *Apelación* ante este Tribunal y señaló lo siguiente:

> Erró el Tribunal de Apelaciones en su Sentencia al determinar que en el presente caso no existe el derecho de un menor huérfano de padre a solicitar pensión alimentaria de su abuela paterna.

> Erró el Tribunal de Apelaciones al resolver que la obligación de alimentar se extinguió con la muerte del padre y, a su vez, el derecho a pedir alimentos de un menor a su abuela paterna.

Posteriormente, la peticionaria presentó un *Alegato suplementario al recurso de apelación*. En resumen, sostuvo que la abuela paterna se encuentra en condición de pagar una pensión alimentaria en beneficio de su nieto, ante la muerte del padre y la falta de recursos económicos de la madre. Así, manifestó que procedía la aplicación de los Arts. 658 y 662 del Código Civil de 2020, 31 LPRA secs. 7541 y 7545.[13] Afirmó que en la demanda presentó una solicitud de alimentos entre parientes en la que expuso los hechos y la causa que justifica la concesión de un remedio. Conforme a ello, explicó que la obligación principal de alimentar es de los progenitores y añadió que, en este caso, por el fallecimiento del padre y una madre que no puede cubrir todos los gastos del menor, se debía activar la obligación de alimentar de la abuela paterna para cubrir la responsabilidad u obligación que le correspondía al padre biológico que falleció.[14] Esbozó que la

---

[13] *Alegato suplementario al recurso de apelación*, págs. 5-7.

[14] Íd., págs. 10-11.

muerte del padre extinguió la obligación de este, pero no releva ni descarta que el Tribunal pueda imponer una pensión alimentaria subsidiaria a la abuela paterna, al contar con los ingresos suficientes para poder pagar una pensión alimentaria justa y razonable a su nieto. También, aseveró que el menor posee necesidades personales que no pueden ser cubiertas por ella.[15]

Por otro lado, explicó que, como resultado del fallecimiento del padre del menor, el abuelo paterno y el abuelo materno, y ante la incapacidad total de la abuela materna (no vidente), solamente pueden proveer alimentos la abuela paterna y la madre. Finalmente, solicitó la revocación del dictamen del Tribunal de Apelaciones para la continuación del trámite de fijación de pensión alimentaria a favor del menor en el Tribunal de Primera Instancia.[16]

Por su parte, la recurrida presentó su *Alegato en oposición*. En síntesis, argumentó que las obligaciones subsidiarias dependen de la existencia de una obligación principal para poder ser invocadas en un procedimiento judicial en el que se reclame tener derecho a ellas. Explicó que el deber de alimentar a un menor es un deber de los progenitores y arguyó que la peticionaria no tiene derecho a

---

[15] La peticionaria reiteró que el menor posee gastos extraordinarios para la atención de sus condiciones personales especiales que no puede cubrir y, además, mencionó algunos gastos de alimentos y medicinas. Íd., págs. 11-12.

[16] Íd., págs. 13-14.

su petición, ya que no existe la obligación principal por la muerte del padre del menor. Así, razonó que "[n]o puede ser de otra manera: extinguida la obligación principal del padre (por muerte) no subsiste la de la abuela (por ser subsidiaria). Por tanto, no se puede reclamar alimentos entre parientes".[17] Ello es conforme con la armonía jurídica existente en lo establecido en los Arts. 662 y 679 del Código Civil de 2020, 31 LPRA secs. 7545 y 7581.

Expedido como *certiorari*, por ser el recurso adecuado y con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. Alimentos

En nuestro ordenamiento jurídico es norma reiterada que la obligación de proveer alimentos por parte de un progenitor a su hijo se encuentra revestida del más alto interés público, puesto que el reclamo de alimentos se fundamenta en el derecho a la vida consagrado en la Sec. 7 del Art. II de nuestra Constitución.[18]

La referida obligación tiene varias fuentes estatutarias que emergen principalmente de la relación filial que se origina cuando la paternidad o maternidad quedan

---

[17] *Alegato en oposición*, pág. 5.

[18] Art. II, Sec. 7, Const. PR, LPRA, Tomo 1; *Fonseca Zayas v. Rodríguez Meléndez*, 180 DPR 623, 632 (2011); *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009).

establecidas legalmente, puesto que la obligación resulta ser inherente a la paternidad y a la maternidad.[19]

**B. Alimentos entre parientes**

Ahora bien, del mismo origen estatutario -de alimentos entre parientes- surge la obligación de los abuelos de proveer alimentos a sus nietos. Sin embargo, en el pasado ciertamente hemos interpretado que este es un deber que opera de manera distinta al deber de alimentar de los padres que son llamados en primera instancia, pues opera de manera subsidiaria.[20]

**i. Obligación subsidiaria**

El término subsidiario se define como "la acción o responsabilidad que suple o robustece a otra principal".[21] Cónsono con la definición, este Tribunal ha establecido que la obligación de los abuelos de alimentar surge en las instancias en que los progenitores no pueden proveer alimentos a sus hijos, ya sea porque están física o mentalmente incapacitados para hacerlo o al no contar con los recursos económicos suficientes para cumplir.[22] También, la

---

[19] *Díaz Rodríguez v. García Neris*, 208 DPR 706, 718 (2022); *De León Ramos v. Navarro Acevedo*, 195 DPR 157, 169 (2016); *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 560-561 (2012); *Franco Resto v. Rivera Aponte*, 187 DPR 137, 148 (2012); *McConnell v. Palau*, 161 DPR 734, 745 (2004).

[20] *Martínez De Andino v. Martínez De Andino*, 184 DPR 379, 385 (2012); *Piñero Crespo v. Gordillo Gil*, 122 DPR 246, 252-253 (1988); *Vega v. Vega Oliver*, 85 DPR 675, 682 (1962).

[21] Definición del concepto "subsidiario". I. Rivera García, Diccionario de términos jurídicos, 2da ed., New Hampshire, Ed. Equity, pág. 278.

[22] *Martínez De Andino v. Martínez De Andino*, supra; *Piñero Crespo v. Gordillo Gil*, supra, pág. 253; *Vega v. Vega Oliver*, supra.

obligación de los abuelos puede surgir cuando los padres no pueden suplir la totalidad de las necesidades alimentarias de sus hijos o cuando solamente puedan cubrirlas de manera parcial.[23]

Conforme a lo establecido anteriormente en nuestra jurisprudencia, la obligación subsidiaria de los abuelos surge de los Arts. 658 y 660 del Código Civil de 2020.[24] Así, el Art. 658 del Código Civil de 2020 establece lo siguiente:

> Están obligados recíprocamente a proporcionarse alimentos, en toda la extensión que señalan los artículos precedentes:
> (a) los cónyuges;
> **(b) los ascendientes** y descendientes;
> (c) los hermanos.
> **Si el obligado a suministrar alimentos es una persona de sesenta y dos (62) años o más, el juzgador al determinar si procede la prestación de alimentos solicitada y su cuantía, deberá tomar en consideración los siguientes factores:** estado de salud que pueda impactar la habilidad para sufragar sus propios gastos médicos; gastos en los que invierte este si tiene algún impedimento o discapacidad; gastos por nutrición particular o dietas; cuidado necesario de alguna condición de salud o enfermedad que le aqueje; edad; si trabaja o no; gastos relacionados a vivienda; gastos necesarios relacionados a prevención de enfermedades; si tiene a su cargo menores de edad, incapacitados o dependientes; o cualquier otro que pudiera limitar en forma sustancial su capacidad económica.[25]

---

[23] *Martínez De Andino v. Martínez De Andino*, supra, págs. 385-386; *Piñero Crespo v. Gordillo Gil*, supra; *Vega v. Vega Oliver*, *supra*, págs. 682-683. Véase, también, S. Torres Peralta, *La Ley de Sustento de Menores y el derecho alimentario en Puerto Rico*, San Juan, Pubs. STP, 2006-2007, T. 1, pág. 5.60.

[24] 31 LPRA secs. 7541 y 7543. En este punto es medular señalar que, debido a que el caso que nos ocupa inició en el 2022, las disposiciones aplicables y que serán discutidas son las aprobadas mediante la Ley Núm. 55-2020, Código Civil de Puerto Rico de 2020 (Código Civil de 2020).

[25] (Negrilla suplida).31 LPRA sec. 7541.

Asimismo, el Art. 660 del Código Civil de 2020 dispone que:

> Cuando son dos o más los llamados a prestar los alimentos, responden en el siguiente orden de prelación:
> (a) El cónyuge;
> (b) los descendientes del grado más próximo;
> (c) **los ascendientes del grado más próximo**; y
> (d) los hermanos.
> La prelación entre los descendientes y los ascendientes la determina el orden en que son llamados a la sucesión intestada del alimentista.[26]

Tras evaluar el origen estatutario y jurisprudencial de la obligación, nos corresponde considerar: ¿Qué requiere una demanda en la que se reclaman alimentos subsidiariamente a los abuelos? La reclamación requiere una declaración de incapacidad física, mental o económica de los padres del menor. Así, quien solicite el remedio, le corresponde acreditar -de forma contingente- la incapacidad mental o física de los padres o la incapacidad parcial o total de sufragar las necesidades alimentarias del menor. [27] Específicamente en *Martínez De Andino v. Martínez De Andino*, *supra*, págs. 390-391, establecimos que la referida declaración no tenía que limitarse a ser presentada en un procedimiento judicial previo a la presentación de la acción en contra de los abuelos, ya que puede realizarse en el mismo

---

[26] (Negrilla suplida). 31 LPRA sec. 7543.

[27] Cabe resaltar que también, en el caso en que los padres contrajeron nuevas nupcias, se debe considerar si los padres y las nuevas sociedades gananciales -de existir- pueden o no proveer los alimentos necesarios en su totalidad. *Martínez De Andino v. Martínez De Andino*, supra, pág. 390.

procedimiento de reclamación de alimentos en contra del padre o la madre no custodio. Sin embargo, esto no impide que también se pueda realizar en un procedimiento separado o independiente.

## ii. Distribución de la obligación

La obligación que se circunscriba a los abuelos incluirá tanto a los abuelos paternos como a los maternos.[28] Así, "[l]a responsabilidad alimentaria de los abuelos -y sus respectivas sociedades gananciales- además de ser subsidiaria, como norma general, es también mancomunada".[29] Cónsono con lo anterior, el **Art. 662 del Código Civil** de 2020, *supra*, **establece que "los ascendientes** y los descendientes **desde el segundo grado de parentesco responden subsidiaria y mancomunadamente de la obligación que les impone el artículo anterior, a menos que el tribunal les imponga la responsabilidad de modo solidario".** [30] **Esto significa que los abuelos serán responsables únicamente por su propia proporción y no por la de los demás.**[31]

---

[28] *Martínez De Andino v. Martínez De Andino*, supra, págs. 385-386.

[29] S. Torres Peralta, *La Ley de Sustento de Menores y el derecho alimentario en Puerto Rico*, San Juan, Pubs. STP, 2006-2007, T. 1, pág. 5.64.

[30] Debemos mencionar que el artículo del Código Civil al que hace referencia el Art. 662 es el Art. 661 que establece la naturaleza de la obligación de los progenitores al disponer que:

"Ambos progenitores responden solidariamente de los alimentos de sus hijos. Si uno de ellos no cumple su obligación de pago íntegra y oportunamente, el otro puede iniciar la acción de cobro a nombre del alimentista, esté o no bajo su custodia, o a nombre propio, como codeudor solidario. Las disposiciones de este Código sobre la obligación solidaria aplican supletoriamente a la obligación alimentaria que recae sobre los progenitores." 31 LPRA sec. 7544.

[31] Torres Peralta, *op cit.*, pág. 5.64.

Este Tribunal en *Martínez De Andino v. Martínez De Andino*, supra, pág. 387, reiteró y avaló lo resuelto anteriormente en cuanto al carácter mancomunado de la obligación de los abuelos. Específicamente, puntualizamos que, en *Piñero Crespo v. Gordillo Gil*, supra, pág. 256, resolvimos que:

> A base de la naturaleza de la obligación en la que concurren varios obligados, **la reclamación de alimentos puede dirigirse contra solo uno de estos para reclamarle la porción de la deuda que le corresponde. Es decir, los otros obligados no son partes indispensables en la reclamación. Por ende, no existe impedimento alguno para que se pueda presentar un pleito contra un solo abuelo.**[32]

Asimismo, señalamos que, en *Piñero Crespo v. Gordillo Gil*, supra, citamos con aprobación a *Vega v. Vega Oliver*, supra, al imponer una obligación alimentaria a un padre y a un abuelo paterno, conforme a sus respectivas capacidades económicas, sin tener como parte del pleito a los abuelos maternos.[33]

**iii. Extinción de la obligación alimentaria**

En lo pertinente, el Art. 679 del Código Civil, *supra*, establece que **la obligación de dar alimentos se extingue** en los siguientes escenarios:

---

[32] (Negrilla suplida). *Martínez De Andino v. Martínez De Andino*, supra, pág. 387 (citando a *Piñero Crespo v. Gordillo Gil*, supra, pág. 256). En *Piñero Crespo v. Gordillo Gil*, supra, pág. 256, también expresamos que:

"Si los abuelos demandados entienden que se les está reclamando una suma en exceso a lo que debe ser su obligación, deberán entonces reclamar a los demás obligados mediante demanda contra tercero o, si ya ha recaído sentencia, recurriendo en alzada o mediante los remedios postsentencia que proveen las Reglas de Procedimiento Civil."

[33] Íd.

**(a) por la muerte del alimentista o del alimentante;**
(b) cuando el patrimonio del alimentante se reduce hasta el extremo de no poder satisfacerlos sin desatender sus propias necesidades y las de su familia inmediata; salvo cuando el alimentista sea menor de edad, que será de aplicación las normas de la legislación especial complementaria;
(c) cuando el alimentista puede ejercer un oficio, profesión o industria, o ha mejorado su situación económica;
(d) cuando el alimentista, sea legitimario o no, comete alguna falta de las que dan lugar a la desheredación; o
(e) cuando la necesidad del alimentista proviene de su mala conducta o de la falta de aplicación al trabajo, mientras subsista esta causa.[34]

Con relación al inciso (a) del Art. 679 que atendemos, el Código Civil de 1930 contenía dos disposiciones sobre las causas de extinción de la obligación de dar alimentos. Por un lado, y en lo que nos atañe, el Art. 149 expresaba que "[l]a obligación de suministrar alimentos cesa con la muerte del obligado, aunque los prestase en cumplimiento de una sentencia firme.[…]".[35] Por otro lado, el Art. 150 disponía, en lo pertinente, lo siguiente: "Cesará también la obligación de dar alimentos: (1) Por muerte del alimentista".[36]

Nótese que cuando la Asamblea Legislativa aprobó el Art. 679(a) del Código Civil de 2020 se agrupó la causal de la muerte del alimentante que disponía el Art. 149 del Código Civil de 1930 con las causales de extinción de la obligación alimentaria en una sola disposición, similar al Art. 150 del Código Civil de 1930. Así lo expuso la Asamblea Legislativa

---

[34] 31 LPRA sec. 7581.

[35] Art. 149 del Código Civil de 1930, 31 LPRA ant. sec. 568.

[36] Art. 150 del Código Civil de 1930, 31 LPRA ant. sec. 569.

en los comentarios del Memorial Explicativo al señalar que "[e]ste Artículo [679] es similar al Artículo 150 del Código derogado, al solo aplicarse cambios importantes de redacción y estilo. El inciso (a) fue el que más cambios tuvo al incluir la muerte del alimentante […]".[37]

A tono con nuestra función de interpretar la ley, debemos esclarecer cuál es el efecto jurídico que tiene la muerte del alimentante sobre el derecho del alimentista menor de recibir alimentos. El derogado Art. 149 del Código Civil de 1930, era idéntico al Art. 150 del Código Civil Español ("La obligación de suministrar alimentos cesa con la muerte del obligado, aunque los prestase en cumplimiento de una sentencia firme").[38]

Con relación a la versión española, el tratadista José Puig Brutau comenta que "[l]a disposición no ofrece ninguna duda por tratarse de **una consecuencia del carácter estrictamente personal de la obligación**".[39] Entretanto, el jurista José Manresa y Navarro expuso que "muerto el obligado a suministrar los alimentos, cesa la obligación de prestarlos, sin que esto obste a que el alimentista siga disfrutándolos en muchos casos, pues en todos ellos **subsisten los alimentos, no por el mismo título [en] virtud del cual**

---

[37] Asamblea Legislativa, Código Civil Año 2020, Comentado*, (Todos los Archivos). https://www.oslpr.org/_files/ugd/5be21a_15cd7772b7ca4ecd84035ed394e1e517.pdf (última visita 23 de julio de 2025).

[38] Art. 150 del Código Civil Español, (https://www.boe.es/buscar/act.php?id=BOE-A-1889-4763).(Última visita 23 de julio de 2025).

[39] (Negrillas suplidas). J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed., Barcelona, Ed. Bosch, 1985, T. IV, págs. 289-290.

**venía prestándolos el difunto, sino por otro distinto igualmente eficaz**".[40]

En atención al derecho del alimentista a recibir alimentos luego de la muerte de los progenitores, Puig Brutau señala que "[e]l nieto puede reclamar alimentos [del] abuelo si **carece de padres** o éstos se hallan imposibilitados".[41] Asimismo, al comentar sobre los alimentos entre ascendientes y descendientes, Manresa anota que "[a] **falta de padres**, o cuando éstos en absoluto carecen de medios, pasa a los abuelos la obligación de alimentar a los descendientes […]".[42]

Es incuestionable que la extinción de la obligación de proveer alimentos por la muerte del progenitor es personalísima pues está atada a la relación paternofilial con el menor. Sin embargo, esta sujeción no tiene el efecto jurídico de trastocar el derecho del menor alimentista de recibir alimentos mediante un título distinto igualmente eficaz, a saber: alimentos entre parientes establecidos y discutidos en los Arts. 658, 660 y 662 del Código Civil de 2020, *supra*. Por lo tanto, esta distinción nos lleva a concluir que una vez se extingue la obligación de alimentar por causa de la muerte del alimentante según postula el Art.

---

[40] (Negrillas suplidas). J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, Madrid, Ed. Reus, 1956, T. I, pág. 844.

[41] (Negrillas suplidas). Puig Brutau, *op. cit.*, pág. 285, aludiendo a una sentencia de 24 noviembre 1925. Véase, sentencia de 24 noviembre 1925 en Revista General de Legislación y jurisprudencia III, Jurisprudencia Civil, Colección completa de las Sentencias dictadas por el Tribunal Supremo, Tomo 168, 4° de 1925, octubre a Diciembre, 1928, págs. 685-690.

[42] Manresa y Navarro, *op. cit.*, pág. 810.

679(a) del Código Civil de 2020, se activan los Arts. 658, 660 y 662 del Código Civil respecto al derecho del alimentista de recibir alimentos subsidiariamente por parte del llamado por el ordenamiento jurídico a ser alimentante del menor. Esto es, los abuelos.

## C. Ley Orgánica de la Administración para el Sustento de Menores (ASUME)

Como parte de la política pública del Gobierno de Puerto Rico, la Ley Núm. 5 de 30 de diciembre de 1986 (Ley Núm. 5-1986), Ley Orgánica de la Administración para el Sustento de Menores (ASUME), 8 LPRA sec. 501 *et seq.*, establece en el Art. 3, lo siguiente:

> **Se declara que es política pública del Estado Libre Asociado de Puerto Rico procurar que los padres o las personas legalmente responsables contribuyan, en la medida en que sus recursos lo permitan, a la manutención y bienestar de sus hijos o dependientes** mediante el fortalecimiento de los sistemas y la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias. **Las disposiciones de este capítulo se interpretarán liberalmente a favor de los mejores intereses del menor o alimentista que necesita alimentos.**
>
> La obligación de alimentar a los menores se fundamenta en el derecho a la vida, configurado como un derecho inherente a la persona. **El derecho de alimentos de los alimentistas está revestido del más alto interés público.** Esta obligación está consagrada en el Código Civil de Puerto Rico. El padre y la madre tienen, respecto a sus hijos no emancipados, el deber de alimentarlos, acompañarlos, educarlos y representarlos en todas las acciones que redunden en su beneficio.
> . . . . . . . . . .
> **Por tal razón, es necesario poner en vigor una política pública de paternidad responsable** […].[43]

---

[43] (Negrilla suplida). 8 LPRA sec. 502.

Asimismo, el Art. 4 de la mencionada ley postula que "[l]os padres e hijos, los cónyuges, los excónyuges y **los parientes están obligados recíprocamente a ayudarse y sostenerse económicamente, según dispuesto en el Código Civil y en la jurisprudencia interpretativa**".[44]

Por otra parte, la Ley Núm. 5-1986 configura la obligación subsidiaria de los abuelos en el Art. 7B que señala entre las facultades del Juez Administrativo de la ASUME que estará autorizado a:

> (m) En cualquier proceso para establecer, modificar o revisar una pensión alimentaria, atender en instancia los casos en los que:
> . . . . . . . .
> (3) **de forma subsidiaria se solicite a uno o a varios abuelos, o a uno o varios parientes, proveer pensión alimentaria para beneficio de un menor de edad.**[45]

Cónsono con lo anterior, el Art. 11 de la referida ley preceptúa la forma en la que se llevará a cabo el procedimiento administrativo expedito y menciona en cuanto a la obligación de proveer alimentos que, en los "[c]asos que atenderá el Juez Administrativo en instancia con posterioridad a haberse emitido cualquier notificación sobre intención de establecer, revisar o modificar una pensión alimentaria" se encuentran los "casos en que cualquier persona solicita que de forma subsidiaria uno o varios abuelos, o uno o varios parientes, provean pensión alimentaria para beneficio de un menor de edad". De esta forma, "el caso será referido

---

[44] (Negrilla suplida). 8 LPRA sec. 503.

[45] (Negrilla suplida). 8 LPRA sec. 506b(2)(m)(3).

al Juez Administrativo quien deberá establecer la pensión alimentaria correspondiente o las pensiones alimentarias correspondientes".[46]

**III**

Como adelantamos, la pregunta que debemos responder en este caso es si una madre puede solicitar una pensión alimentaria a la abuela paterna del menor, tras el fallecimiento de su hijo, el padre del menor. Contestamos en la afirmativa, y explicamos.

En este caso, el Tribunal de Apelaciones determinó que, por ser la obligación de los abuelos una complementaria a la obligación de los progenitores, esta se extinguió con la muerte del padre. Al así hacerlo, el foro apelativo intermedio partió de una premisa incorrecta al ignorar que estas son obligaciones y derechos con orígenes distintos.

Es claro que en este caso la muerte del padre equivale a establecer automáticamente que **este no está disponible** para proveer alimentos al menor, al igual que ocurre en los escenarios establecidos jurisprudencialmente con la incapacidad física o mental. **Y es que, en este contexto, no puede haber mayor incapacidad para alimentar que la muerte del alimentante.**

Sin embargo, aunque en este caso la muerte tuvo el efecto de desaparecer la obligación del padre de alimentar

---

[46] 8 LPRA sec. 510 (b)(7)(C)(iii).

conforme al Art. 679(a) del Código Civil, *supra*, el derecho del menor a recibir alimentos continúa vivo. Así, en respuesta al reclamo de la madre por alegadamente no poder cubrir en su totalidad las necesidades del menor, se activa la obligación subsidiaria de alimentos de la abuela paterna. **Ello, porque el derecho a recibir alimentos del menor activa la obligación subsidiaria de los abuelos con origen en los alimentos entre parientes establecido en los Arts. 658, 660 y 662 del Código Civil, *supra*. Todo esto va en armonía con el propósito de salvaguardar el interés óptimo del menor, que forma parte de nuestra política pública. Ciertamente, y según mencionamos, es una obligación distinta a la que desapareció con la muerte del padre en este caso.**

Por último, al considerar el trámite procesal en que se encuentra la reclamación de alimentos entre parientes en este caso, existe un aspecto probatorio en la controversia sobre los elementos necesarios para la imposición de la pensión alimentaria. A base de lo anterior, nos corresponde devolver el caso al Tribunal de Primera Instancia para que este celebre una vista, en la que la parte peticionaria tendrá la obligación de presentar prueba sobre las necesidades y los gastos del menor.

Por otro lado, la abuela paterna deberá ofrecer evidencia sobre su capacidad económica y necesidades de acuerdo con los criterios del Art. 658 del Código Civil

de 2020. Esto es, entregada la prueba y en consideración a que la abuela paterna cuenta con más de 62 años, para que **el juzgador pueda determinar si procede o no la prestación de alimentos solicitada y su cuantía,** [47] **deberá tomar en consideración:** (1) el estado de salud de la abuela del menor que pueda impactar la habilidad para sufragar sus propios gastos médicos; (2) gastos en los que ella invierte de tener algún impedimento o discapacidad; (3) gastos por nutrición particular o dietas que la abuela requiera; (4) cuidado necesario de alguna condición de salud o enfermedad que le aqueje; (5) edad; (6) si trabaja o no; (7) gastos relacionados a vivienda; (8) gastos necesarios relacionados a prevención de enfermedades; (9) si tiene a su cargo menores de edad, incapacitados o dependientes; o (10) cualquier otro factor que pudiera limitar en forma sustancial su capacidad económica.

**IV**

Por todo lo anterior, se revoca el dictamen del Tribunal de Apelaciones, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme con lo resuelto en esta Opinión y que, sin la necesidad de

---

[47] En ese aspecto, consideramos que en un caso como el de marras el Art. 658 del Código Civil de 2020, supra, es el que establece los criterios para determinar si procede o no la prestación de alimentos solicitados y su cuantía y, por lo tanto, son inaplicables las *Guías mandatorias para fijar y modificar pensiones alimentarias en Puerto Rico,* Reglamento Núm. 9535, Administración para el Sustento de Menores, Departamento de la Familia, Gobierno de Puerto Rico del 15 de febrero de 2024. Esto es, en adición a lo dispuesto en el Art. 5(37) que atiende la definición de persona no custodia y el Art. 6 que regula la aplicación de las Guías Mandatorias. Véase Guías Mandatorias, págs. 9 y 10.

esperar por el Mandato de este Tribunal, celebre una vista con celeridad.

Se dictará Sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Yarilyn Ríos Figueroa

    Peticionaria

        v.                AC-2024-0008

Irma López Maisonet

    Recurrida

SENTENCIA

En San Juan, Puerto Rico, a 25 de agosto de 2025.

Por los fundamentos antes expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca el dictamen del Tribunal de Apelaciones, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme con lo resuelto en esta Opinión y que, sin la necesidad de esperar por el Mandato de este Tribunal, celebre una vista con celeridad.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo